11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Stevan Ray Warren

Appellant

Vs.                   No.  11-01-00229-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted Stevan Ray Warren of aggravated robbery.  The trial court found the enhancement paragraphs to be true and
sentenced appellant to 35 years confinement. 
We affirm. 

There is
no challenge to the sufficiency of the evidence.  The record showed that on June 20, 2000, Steven and Sandra Bell
returned to their home around 9:15 p.m. and that Steven backed the car into the
garage.  As Steven was getting out of
the car, a man approached him and put a pistol under Steven’s chin.  The man demanded that Steven give him his
jewelry and money.  A second individual,
identified at trial as appellant, approached the Bells and took Sandra’s purse
which contained her cellular phone, pager, and $1,100 in cash.  Appellant began yelling to the first man
that he was “taking too much time” and that “we have enough.”  The men left the scene. 








In his
first issue on appeal, appellant complains that the trial court erred in
denying his motion to suppress his written statement.   In reviewing a trial court’s ruling on a motion to suppress,
appellate courts must give great deference to the trial court’s findings of
historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997). We must afford the same amount of deference to the trial
court’s rulings on “mixed questions of law and fact” if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor.  Guzman v. State, supra at
89.  Appellate courts, however, review
de novo “mixed questions of law and fact” not falling within the previous
category.  Guzman v. State, supra.  When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling “turns”
on an evaluation of credibility and demeanor. 
Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.1998).  A question “turns” on an evaluation of
credibility and demeanor when the testimony of one or more witnesses, if
believed, is always enough to add up to what is needed to decide the substantive
issue.  Loserth v. State, supra.
We must view the record in the light most favorable to the trial court=s ruling and sustain the trial court’s ruling
if it is reasonably correct on any theory of law applicable to the case.  Guzman v. State, supra.  Because the trial court’s ruling is a “mixed
question of law and fact” that turns on an evaluation of credibility and
demeanor, we will afford great deference to the trial court’s ruling.

At the
hearing on appellant=s
motion to suppress, Detective Kevin Lingo with the Richardson Police Department
testified that he first talked to a suspect named Raymond Cunningham.  As a result of that conversation, Detective
Lingo became aware of two additional suspects. 
Cunningham told Detective Lingo where the two other suspects lived in
Dallas.  Richardson Police Officer
Phillip Casavant testified at the hearing that he assisted in preparing a
search warrant and in attempting to locate the additional two suspects.  Officer Casavant contacted the Dallas Police
Department and gave them a description of the two suspects and the address
where the suspects were staying. 
Officer Casavant informed the Dallas Police Department that a search
warrant and arrest warrants were in the process of being completed.   

David
Durica with the Dallas Police Department testified that he was contacted by
Officer Casavant about the two suspects and their possible location.  Officer Durica had a plain clothes officer
go to the location.  The officer went to
the apartment, and he found the vehicle matching the description given by the
Richardson Police Department.  Two men
matching the description of the suspects left the apartment in that
vehicle.   Officer Durica stopped the
vehicle which was being driven by appellant. 
Officer Durica arrested appellant, and appellant was taken to the
Richardson Police Department.








Detective
Lingo testified that appellant was arrested on July 28, 2000.  Detective Lingo interviewed appellant on
July 29, 2000, after appellant had been in custody for 14 to 15 hours.  Detective Lingo stated that he gave
appellant the Miranda[1]
warnings and that appellant indicated that he understood these warnings.  Appellant then gave a written
statement.  Detective Lingo testified
that he did not make any promises to appellant in exchange for appellant’s
statement.  However, on cross-examination,
Detective Lingo recalled telling appellant that he wanted to be able to help
appellant “go back to see his pregnant wife.”  
Detective Lingo testified that a magistrate comes to the jail twice a
day and that he did not do anything to prevent appellant from going before a
magistrate. 

Appellant
testified at the hearing on his motion to suppress that he was arrested on July
27, 2000, and that he was told he did not have a bond “because the detectives
wanted to talk to [him].”  Appellant
stated that he was held four or five days before anyone came to talk to
him.  Appellant said that he had not
been to a magistrate when Detective Lingo interviewed him and that he did not
recall Detective Lingo reading him his rights. 
Appellant acknowledged that, on the written statement, he initialed the
paragraph containing his rights and the paragraph indicating he voluntarily
waived those rights. Appellant said that he just put his initials where he was
told because that was the only way he felt he could “get a bond or...some type
of leniency.”   Appellant further stated
that, if he had been taken to a magistrate and if he had known a bond was
available to him, he would not have given the statement. 

The trial
court found that there was an unreasonable delay in taking appellant before a
magistrate.  The trial court found,
however, that appellant did not prove a causal connection between the delay and
his written statement.  Appellant
specifically argues on appeal that the trial court erred in finding that he did
not prove a causal connection between the delay and his giving a written
statement.  

TEX. CODE
CRIM. PRO. ANN. arts. 14.06(a) & 15.17(a) (Vernon Supp. 2003) require that
a person under arrest be taken to a magistrate without unnecessary delay.  The failure to take an arrestee before a
magistrate in a timely manner will not invalidate a confession unless the
arrestee can show a causal connection between the confession and the delay.  Cantu v. State, 842 S.W.2d 667, 679
(Tex.Cr.App.1992), cert. den’d, 
509 U.S. 926 (1993). An unreasonable delay will not vitiate an otherwise
voluntary confession if the arrestee was properly advised of his Miranda
rights. Cantu v. State, supra. 









Detective
Lingo testified that he gave appellant the Miranda warnings before
taking his statement and that appellant understood his rights.  Cantu v. State, supra.  Appellant acknowledged that, on his written
statement, he initialed the Miranda warnings and his waiver of those
rights.  Appellant indicated that he
only gave the written statement to cooperate so that he could return to his
wife and that he would not have given the statement had he been taken before a
magistrate.  In a motion to suppress
hearing, the trial court is the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex.Cr.App.2000). Accordingly, the trial court may believe or disbelieve all
or any part of a witness’s testimony.  State
v. Ross, supra.  We find that
the trial court did not err in its finding that appellant failed to show a
causal connection between the delay in taking him before a magistrate and his
giving the written statement.  Appellant’s
first issue on appeal is overruled.

In his
second issue on appeal, appellant contends that the trial court erred in
admitting his statement because the record does not show that it was given
freely and voluntarily as required by TEX. CODE CRIM. PRO. ANN. art. 38.22, ' 2 (Vernon 1979).  The record shows that, prior to giving his written statement,
appellant was given the statutory warnings set out in Article 38.22, section
2(a).  The record also shows that
appellant waived those rights and gave a written statement.  Appellant has not shown that his statement
was not given freely and voluntarily. 
Appellant’s second issue on appeal is overruled.  

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

October 23, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Miranda v. Arizona, 384 U.S. 436 (1966).